Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 5501 | **DATE** | 11/2/2004 |
| **CASE TITLE** | USA ex rel. ELTONZE PACE vs. JERRY STERNES, Warden | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: The Court denies Petitioner Eltonze Pace's petition for writ of habeas corpus. This case is hereby terminated. Any pending motions or schedules are stricken as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | NOV 0 3 2004 | |
| | Notified counsel by telephone. | | | date docketed | 14 |
| ✓ | Docketing to mail notices. | | | JXM | |
| ✓ | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| | CG | courtroom deputy's initials | 2004 NOV -2 PM 3:06 U.S. DISTRICT COURT | date mailed notice | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. ELTONZE PACE, | ) ) ) | NOV 3 2004 |
| Petitioner, | ) ) | |
| v. | ) ) ) | 03 C 5501 |
| JERRY STERNES, Warden of Dixon Correctional Center, | ) ) ) | Judge Ronald A. Guzmán |
| Respondent. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Eltonze Pace ("Pace") is in the custody of Respondent Warden of the Dixon Correctional Center, Dixon, Illinois, and is serving a fifty-year sentence for first-degree murder. Before the Court is Pace's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent argues that each claim is procedurally defaulted. For the reasons stated below, the Court denies the petition.

## FACTUAL BACKGROUND

Lee Cole, Jr. ("Lee") testified that on July 19, 1995 at about 5:00 p.m., he was with his cousin, James Cole ("James"), and Demond Spraggs ("Spraggs") in a group of fifteen to twenty people socializing outside a friend's house. He heard Pace say to James, "Aren't you going to say excuse me for stepping on my shoe?" When Pace gestured with his hands indicating that he wanted to fight, Spraggs came between James and Pace. Pace then walked away but approached James a few minutes later and said, "Let's talk about this like men." James said, "Okay. Cool," and accompanied Pace to

the back of the house. Pace then raised his shirt and drew a gun from his waistband, and James turned away as if to run toward the group. Pace said, "Why you disrespect me?" and shot James. After James fell to the ground, Pace shot him a second time.

Spraggs testified that when James stumbled over Pace's shoe, Pace wanted to fight. Spraggs intervened and Pace walked away. Then Pace came back, said something to James, and they walked about fifteen or twenty feet away. Spraggs heard a gunshot, looked up and saw James fall to the ground. Pace then stood over him and shot once more.

## **PROCEDURAL HISTORY**

In September 1998, a judge in Cook County found Pace guilty of first-degree murder, and he was sentenced to a term of fifty years in the Illinois Department of Corrections. Pace appealed to the Appellate Court of Illinois, First District, and raised only one issue: whether the sentence he received was excessive due to his lack of a previous criminal record and his rehabilitative potential. On June 4, 1998, the Appellate Court rejected Pace's claim and denied his appeal. Pace then filed a petition for leave to appeal the Appellate Court's decision to the Illinois Supreme Court which was subsequently denied.

On February 25, 1999, Pace filed a *pro se* petition for post-conviction relief in which he raised a claim of ineffective assistance of counsel for failing to cross-examine the State's two witnesses at trial. The State filed a motion to dismiss Pace's petition which was granted by the Circuit Court of Peoria County on December 27, 2001. Pace, who was represented by counsel, appealed the Circuit Court's decision to the Appellate

2

Court of Illinois, First District. On January 29, 2003, the Appellate Court affirmed the dismissal of the post-conviction petition. Pace then filed a petition for leave to appeal to the Illinois Supreme Court which was denied on June 4, 2003.

On August 7, 2003, Pace filed the instant habeas corpus petition. His petition raises two claims: (1) ineffective assistance of trial counsel; and (2) ineffective assistance of appellate counsel for failing to raise the issue of ineffective assistance of trial counsel.

## DISCUSSION

The review of Pace's petition for writ of habeas corpus is governed by 28 U.S.C. § 2254 ("section 2254") as amended by the Antiterrorism and Effective Death Penalty Act of 1996. Federal courts may grant a writ of habeas corpus when a person is held in custody under a state court judgment in violation of the Constitution. *Kavanagh v. Berge*, 73 F.3d 733, 735 (7th Cir. 1996). Before determining whether a petitioner's habeas petition has merit, however, a court must decide whether the petitioner has waived his claim for federal habeas corpus relief because of a procedural default. *See Riner v. Owens*, 764 F.2d 1253, 1255 (7th Cir. 1985). Therefore, the Court must determine whether Pace's claims are procedurally defaulted before the Court can address the merits of his claims.

### I. Procedural Default

A petitioner has procedurally defaulted on a claim that forms the basis for a habeas corpus petition when (1) the petitioner has failed to exhaust all remedies available

3

to him in state court, or (2) the state court has disposed of the claim on independent and adequate state law grounds. *See Rodriguez v. Peters*, 63 F.3d 546, 555 (7th Cir. 1995); *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Procedural default may be overlooked if the petitioner can show good cause for the default and actual prejudice resulting therefrom, or demonstrate that the failure to consider the respective claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750.

### A. Ineffective Assistance of Trial Counsel

The first ground upon which Pace bases his petition for habeas corpus is ineffective assistance of trial counsel for failing to cross-examine either of the State's two witnesses. The State contends that this claim is procedurally defaulted because the Illinois Appellate Court disposed of this claim on state procedural grounds when it affirmed the circuit court's judgment granting the State's motion to dismiss Pace's petition for post-conviction relief.

As previously mentioned, a federal claim is procedurally defaulted for purposes of a habeas petition when the last state court rendering a judgment in the case declined to address the federal claim because the prisoner had failed to meet a state procedural requirement. *Coleman*, 501 U.S. at 730-31. The Appellate Court of Illinois was the last court to consider the case at hand when it affirmed the circuit court's judgment granting the State's motion to dismiss Pace's petition for post-conviction relief. In that decision, the court noted that Pace's claim of ineffective assistance of trial counsel was available to him on direct appeal but was not raised at that time. (Resp't's Ex. F, Order of the Ill. App. Ct., 1st Dist. in *People v. Pace*, No. 1-02-0237 (Jan. 29, 2003) at 6.) Thus, the

claim was waived under Illinois law unless the waiver stemmed from the incompetency of Pace's appellate counsel. (*See id.* at 6-7.) The court then proceeded to evaluate whether Pace's appellate counsel was ineffective for failing to raise on direct appeal the issue of ineffective assistance of trial counsel due to the failure to cross-examine the State's witnesses. (*See id.* at 7-9.) Upon finding that Pace's appellate counsel was not incompetent for failing to raise this issue on direct appeal, the court held that Pace's ineffective assistance of trial counsel claim was still waived under Illinois law. (*See id.* at 9.) Thus, the state appellate court refused to consider the merits of Pace's claim because Pace violated a state procedural rule. As such, Pace's claim of ineffective assistance of trial counsel for failing to cross-examine the State's witnesses is procedurally defaulted.

However, federal courts have the power to look beyond a state procedural default and consider the merits of the petitioner's claim if the petitioner shows good cause for the default and actual prejudice resulting therefrom or demonstrates that the failure to consider the respective claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. The cause prong of the cause-and-prejudice test must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded defense counsel's efforts to comply with the state's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The prejudice prong of the cause-and-prejudice test is satisfied when the petitioner shows that the errors at trial not only created "'a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1050 (7th Cir. 2001) (quoting *United States v. Frady*,

456 U.S. 152, 170 (1982)). A fundamental miscarriage of justice occurs when a constitutional violation has probably led to the conviction of an individual who is actually innocent. *Thomas v. McCaughtry*, 201 F.3d 995, 999 (7th Cir. 2000).

It has been acknowledged that in certain circumstances appellate counsel's ineffectiveness in failing to preserve properly a claim for review in state court will suffice to satisfy the cause prong of the cause and prejudice test. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Unfortunately, however, Pace has failed to make any attempt to establish the prejudice prong of the cause-and-prejudice test. Moreover, Pace has not tried to argue a fundamental miscarriage of justice with respect to his claim of ineffective assistance of trial counsel. It is the habeas petitioner's duty to present the issues clearly and to support them with appropriate authority. *United States ex rel. Rickard v. Sternes*, 149 F. Supp. 2d 437, 449 (N.D. Ill. 2001). The Court is ever mindful that it is up to each party, not the Court, to construct its arguments. *Doherty v. City of Chicago*, 75 F.3d 318, 324 (7th Cir. 1996). As a result, Pace's claim of ineffective assistance of trial counsel remains procedurally defaulted, thereby preventing the Court from considering its merits.

### B. Ineffective Assistance of Appellate Counsel

The second ground upon which Pace bases his petition for habeas corpus is ineffective assistance of appellate counsel for failing to raise the issue of ineffective assistance of trial counsel on direct appeal. The State contends that this claim is also procedurally defaulted because Pace did not raise this issue at each stage of his collateral appeal.

As previously mentioned, a federal claim is procedurally defaulted for purposes

6

of a habeas petition when the petitioner has failed to exhaust all remedies available to him in state court. *Rodriguez*, 63 F.3d at 555. As the Supreme Court explained, habeas petitioners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Illinois, one round has been completed once the petitioner has presented his claim, whether on direct appeal or on post-conviction review, at each stage of the appellate process, up through and including the Illinois Supreme Court. *White v. Godinez*, 192 F.3d 607, 608 (7th Cir. 1999).

Pace contends that he presented his claim of ineffective assistance of appellate counsel at each stage of the Illinois appellate process on post-conviction review. The State notes and this Court agrees that Pace failed to raise a claim of ineffective assistance of appellate counsel to the appellate court on collateral appeal, and raised only the claim of ineffective assistance of trial counsel at that time. However, as the appellate court considered the effectiveness of Pace's appellate counsel for the purpose of determining whether Pace's claim of ineffective assistance of trial counsel claim was waived under Illinois law, the State concedes that this issue was arguably before the appellate court.

The State instead argues that Pace failed to raise the issue of ineffective assistance of appellate counsel in his petition for leave to appeal his denial of post-conviction relief to the Illinois Supreme Court. It is true that Pace made no explicit claim of ineffective assistance of appellate counsel and no argument relating directly thereto in his petition to the Illinois Supreme Court. (*See generally* Resp't's Ex. G, Pet'r's Pet. for Leave to Appeal to the Sup. Ct. of Ill.) Pace did, however, incorporate "the Statement of Facts

7

contained within the Appellate Court's Order of January 29, 2003" into his petition. (*Id.* at 3.) Unfortunately, the appellate court order referred to by Pace does not contain headings such as "Statement of Facts," so it is unclear how much of the order is actually incorporated into Pace's petition. (*See generally* Resp't's Ex. F, Order of the Ill. App. Ct., 1st Dist., affirming the dismissal of Pet'r's post-conviction pet. in *People v. Pace*, No. 1-02-0237 (Jan. 29, 2003).) A recital of the facts of the case is found primarily at the beginning of the appellate court's opinion where there is no consideration of a claim of ineffective assistance of appellate counsel. (*See id.* at 1-5.) As such, the Court is inclined to agree with the State that Pace failed to raise the issue of ineffective assistance of appellate counsel in his petition for leave to appeal his denial of post-conviction relief to the Illinois Supreme Court. However, given the uncertainties that would be associated with such a finding, the Court will proceed to consider the merits of Pace's ineffective assistance of appellate counsel claim.

## II. Merits of Ineffective Assistance of Appellate Counsel Claim

A federal habeas corpus review of the state court's determinations is limited. Under 28 U.S.C. § 2254, a petitioner must demonstrate that the claim was adjudicated on the merits in state court and "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The "contrary to" provision pertains to questions of law which the court reviews

8

*de novo. Id.*; *Schaff v. Snyder*, 190 F.3d 513, 522 (7th Cir. 1999). The "unreasonable application" provision applies to mixed questions of law and fact, to which the federal court grants deference to reasonable state court decisions. 28 U.S.C. § 2254(d); *Schaff*, 190 F.3d at 522-23. The "unreasonable determination of the facts" provision relates to pure questions of fact, and a federal court presumes that the state court's factual determinations are correct unless the petitioner can rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(d); 28 U.S.C. § 2254(e)(1); *Schaff*, 190 F.3d at 521; *see Hall v. Washington*, 106 F.3d 742, 752 (7th Cir. 1997).

A claim of ineffective assistance of counsel is a mixed question of law and fact. *Strickland v. Washington*, 466 U.S. 668, 698 (1984). As previously mentioned, the "unreasonable application" provision of Section 2254(d) applies to mixed questions of law and fact. *Schaff*, 190 F.3d at 522-23. When determining whether the state court's assessment was "unreasonable," the federal courts must "take into account the care with which the state court considered the subject." *Lindh v. Murphy*, 96 F.3d 856, 871 (7th Cir. 1996) (en banc), *rev'd on other grounds*, 521 U.S. 320 (1997). If the state court offers a "responsible, thoughtful answer" after "a full opportunity to litigate" the issue, a federal habeas court must accept the answer as "adequate to support the judgment" even if it believes the state court decision is wrong. *Id.* However, a federal court may grant relief if the state court identifies the correct legal principle but unreasonably applies that principle to the facts of the petitioner's case. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

Therefore, the question presented is whether the Illinois appellate court's

9

adjudication of Pace's claim of ineffective assistance of appellate counsel involved an unreasonable application of the ineffective assistance of counsel standard of *Strickland v. Washington*. To support a claim of ineffective assistance of appellate counsel, a petitioner must establish that: (1) the failure to raise an issue on direct appeal was "unreasonably deficient" and (2) the decision prejudiced the petitioner "in the sense that there is a reasonable probability that his case would have been remanded for a new trial or that the decision of the state trial court would have been otherwise modified on appeal." *Howard v. Gramley*, 225 F.3d 784, 790 (7th Cir. 2000). An appellate counsel's performance is not objectively unreasonable because he or she fails to brief every conceivable issue on appeal; in fact, appellate counsel should refrain from raising weak arguments and focus on issues more likely to prevail. *See Smith v. Robbins*, 528 U.S. 259, 288 (2000). Performance is only deemed insufficient when counsel omits a "significant and obvious issues" without a legitimate strategic reason for doing so. *Mason v. Hanks*, 97 F.3d 887, 893 (7th Cir. 1996).

Pace contends his appellate counsel was ineffective because he or she failed to raise the issue of ineffective assistance of trial counsel for failing to cross-examine the State's two witnesses on direct appeal. When considering this issue on collateral appeal, the Appellate Court of Illinois quite sensibly evaluated the propriety of Pace's trial counsel in choosing not to cross-examine these witnesses and used the *Strickland* test in order to determine whether Pace's appellate counsel was derelict in his or her duties when he or she failed to raise the issue of ineffective assistance of trial counsel on direct appeal. Under *Strickland*, to support a claim of ineffective assistance of trial counsel, a petitioner must establish that: (1) his counsel's representation fell below an objective

standard of reasonableness; and (2) there is a reasonable probability that the result of the proceedings would have been different if counsel had not erred. 466 U.S. at 694.

When assessing the reasonableness of Pace's trial counsel in choosing not to cross-examine the State's two witnesses, the appellate court pointed out that both of the State's witnesses unequivocally identified Pace, a man both had known for five years, as the individual who had shot the victim. (Resp't's Ex. F, Order of Ill. App. Ct., 1st Dist., in *People v. Pace*, No. 1-02-0237 (Jan. 29, 2003) at 8-9.) In addition, the court noted that the witnesses' statements were consistent with and corroborated by police statements. (*Id.*) Finally, the court pointed out that Pace had failed to allege that there was evidence in the form of other witnesses that could have impeached the testimony provided by the State's witnesses. (*Id.* at 9.)

The only points upon which Pace argued the State's witnesses could have been cross-examined are as follows: (1) because of the close relationship the witnesses shared with the victim, they had motivation to give biased testimony; and (2) because one of the State's witnesses told the police they had gone to the house where the crime took place to drink beer and smoke marijuana, they could have been under the influence of drugs and alcohol at the time the shooting took place and as a result, were less able to perceive the crime accurately. (*See* Resp't's Ex. D, Pet'r's Br. in *People v. Pace*, No. 1-02-0237 (Ill. App. Ct. 2003) at 6.) Although a cross-examination of the State's witnesses on these points may have had the effect of casting an insignificant and slight shadow of doubt on the witnesses' testimony, it cannot be said that Pace's trial counsel was objectively unreasonable for failing to cross-examine the witnesses using these minor bits of highly speculative evidence. Even if it could be argued that Pace's trial counsel was ineffective

11

in this respect, it is highly improbable that such cross-examinations would have had the effect of altering the outcome of Pace's trial especially in light of the fact, as the appellate court found, that the evidence of Pace's guilt was not closely balanced. (*See* Resp't's Ex. F, Order of Ill. App. Ct., 1st Dist. in *People v. Pace*, No. 1-02-0237 (Jan. 29, 2003) at 8.) As Pace's trial counsel could not be deemed ineffective under *Strickland* for failing to cross examine the State's witnesses, it cannot logically be argued that Pace's appellate counsel was ineffective for failing to raise the trial counsel's ineffectiveness on appeal. Thus, the appellate court's adjudication of Pace's claim of ineffective assistance of appellate counsel did not involve an unreasonable application of the *Strickland* standard. As such, Pace's petition for writ of habeas corpus must be denied.

## CONCLUSION

For the reasons stated above, the Court denies Petitioner Eltonze Pace's petition for writ of habeas corpus. This case is hereby terminated.

SO ORDERED           ENTERED:  11/2/04

_____
RONALD A. GUZMAN
**United States Judge**